DAN. E. LYDICK, TRUSTEE v. STATE BANKING BOARD.

No. 5016.   Decided December 12, 1928.   January 23, 1929.
.(11 S. W., 2d Series, 505; 12 S. W., 2d Series, 954.)

*Spencer, Rogers & Lewis, Cockrell, McBride, O'Donnell & Hamilton,* and *Black & Graves,* for relator.

In the event of the voluntary liquidation of a State Bank, operating under the provisions of the depositors guaranty fund when it shall be made to appear to the State Banking Board that all depositors of the liquidated bank have been paid in full, the Board shall return to such bank the pro rata part paid by it into such fund when unused. Rev. Stats., 1925, Art. 445.

Upon the withdrawal of a state bank from the guaranty fund plan its interest in the guaranty fund must, under the provisions of Art. 445, Rev. Civ. Statutes of 1925, be returned to it and no part of the withdrawing bank's interest in the fund can be used to discharge all or any part of the liability accruing against the fund subsequent to the time of such withdrawal.

It is only a bank of which the Banking Commissioner has "taken possession", the depositors of which are entitled to share in the depositors' guaranty fund, and it is the act of the Commissioner in thus taking charge which constitutes a declaration of the right to such depositors to so share in said fund, and the courts will not be authorized to conduct an inquiry as to whether such failing bank may theretofore have actually been insolvent, such inquiry being wholly immaterial in the determination of the question as to the depositors who shall share in the fund, the statute thus having fixed it.

It may be true, as ruled by the Honorable Commission of Appeals, that where the *claim* of a *creditor* against the Depositor's Guaranty Fund is presented for allowance and payment and for some reason, payment is delayed, the creditor must then participate equally with all later creditors whose *claims* may have intervened.

But this does not mean that a contributing bank who claims a "return" of its "pro rata part" of the Depositor's Guaranty Fund after it has satisfied all of its depositors and withdrawn from the Plan, is the claim of a creditor.

We submit that where a bank, acting under Article 445 of the Revised Statutes of 1925, liquidates its affairs, satisfies its depositors and furnishes proper evidence thereof to the State Banking

170

Board, it then becomes legally and equitably entitled to a "return"—a re-delivery—of its "pro rata part" of the Depositor's Guaranty Fund. Its right to such refund is the right of an owner of property; it is not the right of a creditor. When such bank complies with the law and demands a return of its "pro rata part" of the Fund and such demand is unlawfully refused, such "pro rata part" is not thereby made a part of the Depositor's Guaranty Fund.

Certainly it was never intended that the State Banking Board should have the power to compel a liquidated State Bank to remain a member of the Guaranty Fund System. And yet, such is the effect of the ruling of the Commission of Appeals. The Commission has ruled that the State Banking Board may refuse to *return* to a liquidated bank its "pro rata part" of the Guaranty Fund and that as a result of such refusal, though unlawful, the liquidated bank in effect remains a member of the System, because the Commission has held the liquidated Bank liable for its proportionate part of the *future* liabilities of the Fund.

When a bank liquidates its affairs in accordance with the provisions of law governing liquidation and discontinues the business directly conducted by it, then it, also as a matter of law discontinues its connection, as a member of the Guaranty Fund System, with all other banks remaining in business as members of such System, and no authority of law exists under which banks remaining in business can make contracts and create liabilities binding the property of a liquidated bank.

For a period of more than ten years prior to September 29, 1926, the State Banking Board had been administering the Guaranty Fund according to a uniform departmental practice at variance with the decision of the Court in this case, but founded upon opinions of the Attorney General's Department delivered in August 1915. Opinions of Attorney-General: No. 66, Aug. 15, 1915; No. 68, Aug. 20, 1915; No. 2460, Oct. 17, 1922.

The action of a ministerial officer in refusing to perform a plain ministerial duty affecting the property rights of others, is absolutely devoid of legal effect. Where the party is entitled to have the duty performed, the law will deal with his rights exactly as if the duty had been performed. Jumbo Cattle Co. v. Bacon, 79 Texas, 5–12; Metzler v. Johnson, 20 S. W., 1116–1117; Pohle v. Robison, 102 Texas, 274–277.

*Claude Pollard,* Attorney-General, *C. W. Truehart,* Assistant, *L. C. Sutton* and *Jno. W. Goodwin,* for respondent.

*Butts & Wright,* representing depositors in the insolvent Commercial State Bank of Cisco, and *J. F. Hair* and *Marcus W. Davis,* representing depositors in the insolvent First State Bank of Belton, presented motions for rehearing as *amici curiae,* claiming for such depositors preference in the distribution of the Guaranty Fund over the right of relator Lydick to a refund therefrom. Their motions for leave to file were overruled.

Mr. Presiding Judge HARVEY delivered the opinion of the Commission of Appeals, Section A.

The Supreme Court has this day adopted the opinion of Section B of the Commission, in the case of Edwin Lacy, et al. v. State Banking Board. The holdings in that opinion require the same disposition of this case that is made of that case.

We recommend that the mandamus sought herein be refused.

Opinion of the Commission of Appeals adopted, and mandamus refused.

*Thos. B. Greenwood,* Associate Justice.
*William Pierson,* Associate Justice.

ON MOTION FOR REHEARING.

Mr. Presiding Judge HARVEY delivered the opinion of the Commission of Appeals, Section A.

The relator, Dan. E. Lydick, seeks mandamus against the respondents, James Shaw, Banking Commission of Texas, Gregory Hatcher, State Treasurer and the State Banking Board of Texas as such, commanding them to pay relator the sum of $6529.47 from the Depositors Guaranty Fund. The facts are as follows:

The Exchange State Bank of Fort Worth was a state bank, duly organized and doing business under the Guaranty Fund Plan as provided in Chapter Seven, Title 16, of the Revised Statutes of 1925. Sometime prior to September 29, 1926, said bank voluntarily suspended business and proceeded to liquidate its assets and wind up its affairs. On the last mentioned date, it had paid all its depositors in full, and had paid to the State Banking Board all sums of money demanded or required of said bank under the law. All the remaining assets of said bank are held by the Relator as Trustee for the stockholders, under voluntary assignment duly executed by such stockholders. All these facts have been duly made to appear to the State Banking Board and demand made for the

return to relator, in accordance with the provisions of Article 445 of the Revised Statutes of 1925, of the pro rata part paid by said bank into the Depositors Guaranty Fund. On September 29, 1926, the Commercial Guaranty State Bank of Longview, a state bank operating under the Guaranty Fund Plan, was closed and its affairs were taken in charge by the Banking Commissioner for liquidation. At various times after said date, and up to and including January 7, 1927, eight other state banks, which were operating under the Guaranty Fund Plan, were closed and taken over by the Banking Commissioner for liquidation, as provided by law. Immediately prior to the closing of the Longview Bank on September 29, 1926, and the taking over of its affairs by the Banking Commissioner, there was in the Depositors Guaranty Fund sufficient money to pay off and discharge all lawful claims against said fund, including those of depositors of such guaranty fund banks as had been previously closed and taken over by the Banking Commissioner, and including also the claim asserted herein by the relator as well as similar claims of other banks. Since that date, the Depositors Guaranty Fund has become, and is now, insolvent. See Edwin Lacy, et al. v. State Banking Board, et al., recently decided on recommendation of Section B of the Commission and not yet reported.

The relator insists that inasmuch as it is admitted by respondents that on September 29, 1926, his claim of $6529.47 was due and payable in accordance with the provisions of Article 445 of the Statutes of 1925, and that the Guaranty Fund was then solvent, he is entitled to preference of payment of said claim over the claims of the depositors of the nine banks above mentioned. In effect, the holding of the court in the case of Lacy v. Banking Board, supra, is against this contention. Although the claim asserted here by the relator become payable at a time when the Guaranty Fund was solvent, the claim was not paid when due. It was then and still remains an unpaid general claim against said Fund. The claim, therefore, stands upon the same footing, with reference to payment, as other general claims subsequently accruing against the Fund, including those of the depositors of said nine banks, and is entitled only to ratable payment from the Guaranty Fund along with such other claims.

The further question arises as to whether preference of payment attaches to the claims of the depositors of the one of the nine banks, mentioned above, which was in an actual state of insolvency, but continuing to do business as a going concern, when the relator's

claim became payable. We have concluded that no preference attaches to such claims. The provisions of the governing statutes were such that none of these claims accrued prior to the time the bank was closed and its affairs were taken in charge by the Banking Commissioner. Until the latter event occurred, the guaranty fund was charged with no liability to such depositors. R. S. of 1925, Arts. 369, 450, et seq.

· ·Since we have decided that the relator is not entitled to preference of payment of his claim, as sought by him, he is not entitled to the mandamus he seeks and we recommend that his motion for rehearing be overruled.